### KENNEDY vs. KENNEDY.

A testator devised certain lands to his son, R. H. K., during his life, and after his death to be divided among his heirs as the law might direct, and further provided that if any of the heirs of the testator should die leaving no lawful issue, their share or shares should be equally divided among the surviving heirs of the testator. *Held*, that R. H. K. took an estate in fee simple, defeasible on his death without issue him surviving; *held, also*, that the widow of R. H. K. was entitled to dower in the lands devised to her husband.

---

The plaintiff brought an action to recover her dower in certain lands devised to her husband by Robert Kennedy. After issue was joined, the counsel for the respective parties agreed upon a state of the case, upon which the cause was argued in this court. The question presented for consideration sufficiently appears in the opinion of the court.

Argued before the Chief Justice, and Justices OGDEN and HAINES.

*J. Wilson* and *W. L. Dayton*, for plaintiff.

*F. T. Frelinghuysen* and *J. P. Bradley*, for defendant.

The opinion of the court was delivered by

The CHIEF JUSTICE. Upon the state of the case agreed upon by the parties, the point presented for decision is,

was the demandant's husband seized of an estate of inherit-
ance in the premises described in the declaration during the
coverture inheritable by her issue? Whether she was or not
depends on the true construction of certain clauses of the
will of Robert Kennedy, deceased, bearing date on the
fifth day of January, 1810, and proved on the 8th day
of May, 1812.

By the will, the testator bequeathed to his son, Robert
Henry Kennedy, the husband of the demandant, to use his
own language, "all them two tracts of land I purchased of
Conrad Shettl, now under leas to Peattor Smith, the home-
stead to contain ninety-three and a-half eacors. Also two
small fields in tillage by Peter Lishbaugh, &c., &c., &c.

"All the aforesaid land and premises I will and bequeath
to my said sun Robert Henry Kennedy, and to his proper
benefit and behoof during his natural life, and to his heirs
to be divided among them as in the law may direct after his
death."

By a subsequent clause he provided that it was his will, if
any of his heirs departed this life leaving no lawful issue,
their share or shares shall be divided equally among the sur-
viving heirs of the testator.

In substance the provisions of the will are a devise
of the lands to Robert H. Kennedy for life, and to his heirs
after his death, to be divided among them according to
law; and if any of the heirs of the testator depart
this life leaving no lawful issue, then their share or shares
to be divided equally among the surviving heirs of the tes-
tator.

The devise to the demandant's husband during life,
and after his death to his heirs, brings this case fairly
within the operation of the rule in Shelly's case, that
when the ancestor, by any gift or conveyance, takes an
estate of freehold, and in the same gift or conveyance an
estate is limited either immediately or mediately to his
heirs in fee or in tail, that always in such cases "the heirs"
are words of limitation of the estate, and not words of

purchase. *Shelly's case*, 1 *Rep.* 93; 1 *Inst.* 22, *b*, 319, *a b*; *Den* v. *McPeak, Penn.* 291; *Den* v. *Laquear*, 1 *South.* 301; *Den* v. *Demarest*, 1 *Zab.* 537.

No discussion of the principles upon which the rule is founded is necessary. If any rule of law is settled that is.

Much argument was expended by the defendant's counsel to show that the testator used the word " heirs " as *designatio personarum*, and not to denote the whole line of heirs collateral and lineal; that the words "to be divided among them as the law may direct" signified that the testator meant to use heirs as synonymous with children.

The rule in Shelly's case was adopted as a rule of interpretation to give effect to the paramount intent of the testator. The words " heirs of the body," or " heirs," will yield to a particular intent, that the estate shall be only for life, and that may be from the effect of the superadded words, or any expressions showing the particular intent of the testator, but that must be clearly intelligible and unequivocal. *Jesson* v. *Wright*, 2 *Bligh* 1; 2 *Jarman on Wills* 280, 281; approved in *Jordan* v. *Adams*, 6 *Com. Bench* 764.

The very thorough review of the cases on this subject in the work of Mr. Jarman renders it unnecessary to discuss them at this time.

In treating of the effect of superadding to the words " heirs of the body" and " heirs" the words "share and share alike" "as tenants in common," the author remarks: In such the great struggle has been to determine whether the superadded words are to be treated as explanatory of the testator's intention to use the term " heirs of the body" in some other sense and as descriptive of another class of objects, or are to be rejected as repugnant to the estate which these words properly and technically create. The inconsistent clause shows only that the testator intended the heirs of the body to take in a manner in which, as such, they could not take, not that persons

other than heirs were meant to be the objects. *Doe* v. *Smith,* 7 *T. Rep.* 532 ; *Pierson* v. *Vickers,* 5 *East* 548 ; *Doe* v. *Gold-smith,* 7 *Taunt.* 209 ; *Doe* v. *Harvey,* 4 *Barn. & C.* 619 ; *Doe* v. *Featherston,* 1 *Barn. & Ad.* 943.

Perhaps the principle is nowhere more forcibly and clearly stated than by Lord Alvanly, in Poole *v.* Poole, that courts will not deviate from the rule which gives an estate tail to the first taker, if the will contains a limition to the heirs of the body, except where the intent of the testator appears so plainly to the contrary that nobody can misunderstand it. 3 *Bos. & Pul.* 627.

It is of the utmost importance to adhere to a settled rule of law easily applied, and not to set every case afloat on the great sea of intention, from which no two pilots can find the same harbor.

I am for adhering to the rule of law established in Jesson *v.* Wright after a long struggle, beginning with Perrin *v.* Blake, decided by Lord Mansfield, and ending with the case first named, decided in the house of lords by Lords Eldon and Redesdale.

Demandant's husband took either an estate in fee tail or in fee simple, either of which at common law, both being estates of inheritance, entitles the widow to dower if her issue might inherit the estate.

But I think the estate was a fee simple, defeasible on the death of Robert H. Kennedy without issue him surviving. The words of the will are—if any of my heirs depart this life leaving no lawful issue, their share or shares shall be divided equally among the surviving heirs of the testator. These words import a definite failure of issue, to occur at the death of the first devisee, not an extinction of the line of heirs at a remote period—an indefinite failure of issue. *Den* v. *Allaire, Spencer* 6 ; *Seddel* v. *Wills,* *Id.* 223.

There must be judgment for the demandant upon the case agreed upon.

CITED *in Quick* v. *Quick,* 6 *C. E. Gr.* 16.